UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEON ANTONIO CHEALY,

    Petitioner,

v.                          Case No.  2:07-cv-768-FtM-33DNF
                            Case No.  2:04-cr-051-FtM-33DNF

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

This matter comes before the Court pursuant to petitioner Deon Antonio Chealy's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. cv-7; Doc. cr-108), which was filed on December 17, 2007.[1] The Government filed a response on February 28, 2008. (Doc. cv-10.) After a thorough review of the record, including the memoranda submitted by the parties, the Court denies Chealy's motion.

**I.  Background**

On March 2, 2005, a jury found Chealy guilty of one count of possession with a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. cr-1 at

---

[1]The Court originally denied Chealy's petition as untimely but vacated its order and gave Chealy leave to file the motion again. (Doc. cv-5.)

1-2; Doc. cr-67.) On June 10, 2005, the Court sentenced Chealy to 200 months imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (Doc. cr-74), and entered a judgment so reflecting on June 14, 2005 (Doc. cr-77). Chealy timely filed an appeal to the United States Court of Appeals for the Eleventh Circuit on June 30, 2005. (Doc. cr-79.)

In his appeal, Chealy challenged (1) the constitutionality of 18 U.S.C. § 922(g), which makes possession of a firearm by a convicted felon illegal; (2) the Court's use of his prior convictions in enhancing his sentence under § 924(e); and (3) certain evidentiary rulings made by the Court. (Doc. # 100 at 2.) On July 20, 2006, the Eleventh Circuit issued its opinion affirming this Court's decisions. (Id. at 19.) The United States Supreme Court denied Chealy's writ of certiorari on November 27, 2006. Chealy v. United States, 127 S. Ct. 697 (2006).

Chealy asserts (1) that his counsel rendered ineffective assistance; (2) the Court's use of his prior convictions in enhancing his sentence under § 924(e) violated his Sixth Amendment right to a jury trial; (3) violation of his Fifth Amendment rights due to duplicity; and (4) violation of his Fifth Amendment rights due to multiplicity. (Doc. cv-7.)

**II. Analysis**

   **A. Ineffective Assistance of Counsel**

Chealy contends counsel failed to argue against the use of his prior convictions in enhancing his sentence under § 924(e) and failed to give adequate research to his appeal because counsel was working on other cases. (Doc. cv-7 at 4.)

The Sixth Amendment's guarantee of effective assistance of counsel is denied when counsel's objectively unreasonable performance prejudices the defendant. Yarborough v. Gentry, 540 U.S. 1, 5 (2003). The petitioner must "prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668 (1984)). Proof of this requires the petitioner to overcome the strong presumption that counsel performed sufficiently. Id. at 1314. Accordingly, "for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315. In addition, the petitioner must prove that counsel's "deficient performance prejudiced the defense." Strickland, 466 U.S. at

687.[2]

Chealy cannot satisfy the Strickland standard with regard to his first claim, that counsel failed to contest his sentence enhancement under § 924(e), because his attorney did in fact contest the enhancement. At sentencing, counsel argued that the Government was required to prove Chealy's prior convictions to a jury before using those convictions to enhance his sentence under § 924(e). (Doc. cr-95 at 5:7-17; 12:8-18.) Counsel explained that because "the Government did not prove the three convictions to the jury, . . . this Court [could not] sentence Mr. Chealy as an armed career criminal." (Id. at 10:2-5.)

Furthermore, assuming counsel failed to raise the issue, Chealy cannot establish prejudice because his underlying claim lacks merit. See Brown v. United States, 257 F. App'x 140, 144 (11th Cir. 2007) ("A determination of the prejudice prong of the Strickland analysis is necessarily dependent on a review of the merits of the underlying claim. Counsel cannot be labeled ineffective for failing to raise issues which have

---

[2]The Supreme Court has additionally explained, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

4

no merit." (internal citations omitted)).

The Eleventh Circuit has held, "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Gibson, 434 F.3d 1234, 1246 (11th Cir. 2005) (citing Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998)). Accordingly, this Court cannot say that counsel's conduct prejudiced Crumbly or was objectively unreasonable.

With respect to Chealy's second claim of ineffective assistance, that counsel failed to give Chealy's brief adequate research because counsel was working on other cases, the Court finds that Chealy has also failed to satisfy Strickland's standard for ineffective assistance of counsel. Attorneys routinely handle more than one case, and Chealy cannot establish ineffective assistance simply because counsel worked on another case while working on his case. See United States v. Flores, 5 F.3d 1070, 1080 (7th Cir. 1993) ("All attorneys must make decisions about how to allocate their scarce lawyerly resources among the many clients they may represent at any given time.").

**B.   Sixth Amendment Right to a Jury Trial**

Chealy next contends that his constitutional right to a jury trial was violated because he was sentenced under § 924(e) based on prior convictions the jury did not find were committed and he did not admit were committed. (Doc. cv-7 at 5.)

"Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). Here, the Eleventh Circuit already has concluded that "the district court did not commit constitutional error by sentencing Chealy under § 924(e) based on his prior convictions." (Doc. cr-100 at 19.)

**C.   Grounds Three and Four, Violation of Chealy's Fifth Amendment Rights Due to Duplicity and Multiplicity**

Chealy contends his Fifth Amendment rights were violated due to duplicity and multiplicity. (Doc. cv-7 at 6-10.) The Government argues the claims are procedurally defaulted because they were not raised on direct appeal. (Doc. cv-10 at 9.) Alternatively, the Government argues that Chealy has failed to state a claim.

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in

6

a § 2255 challenge." United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005). "When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error." Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). Under the fundamental miscarriage of justice exception, "a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default" if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 1055-56 (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

In this case, Chealy did not raise this issue on direct appeal. Therefore, Chealy must either 1) establish cause for his default and actual prejudice resulting from the alleged duplicity and multiplicity or 2) show that this constitutional violation has resulted in him being found guilty when he is actually innocent. Because Chealy has shown neither, this ground is procedurally barred and need not be addressed by this Court.

Nonetheless, assuming Chealy's claims were not procedurally barred, Chealy is not entitled to relief on the merits of his claim. "The 'error of duplicity is present

7

where more than a single crime is charged in one count of an indictment.'" United States v. Wood, 780 F.2d 955, 962 (11th Cir. 1986) (quoting United States v. Ramos, 666 F.2d 469, 473 (11th Cir. 1982)). The Eleventh Circuit "has defined multiplicity as 'the charging of a single offense in more than one count.'" Id. (quoting United States v. Glanton, 707 F.2d 1238, 1240 (11th Cir. 1983)). Chealy's indictment was one count, and there are thus no issues of multiplicity. (Doc. cr-1.) Because only one crime was charged in his indictment, possession with a firearm by a convicted felon, there are no duplicity issues.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Chealy's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. cv-7; Doc. cr-108) is **DENIED**.

(2) The clerk is directed to **CLOSE** Case 2:07-cv-768-FtM-33DNF and enter judgment in favor of the Government.

(3) The clerk is directed to file this order in Case No. 2:04-cr-051-FtM-33DNF.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Chealy is not entitled to a

certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Chealy has not made the requisite showing in these circumstances.

Finally, because Chealy is not entitled to a certificate

of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Fort Myers, Florida, this 17th day of March 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record
Petitioner Deon Antonio Chealy